HOLMES, Judge
(dissenting).
I respectfully dissent.
In this instance I find no significant facts that distinguish the “magazines” from the “bins.” Both magazines and bins hold material used in the blasting operations incident to strip mining. Federal regulations require that the explosive material and anfo be kept in specially constructed equipment if located on the mine site.
As indicated by the majority, in order to use the bulk anfo, the bins are necessary to such use and are customarily so used. By the same token, to me, in order to use boosters and detonators, the magazines are required by law for such use.
The magazines are not located on the mine site merely for the convenience of the mining company. Rather, the magazines are located on the site so that the company can, in effect, carry on its mining operations in compliance with the law. The magazines, then, like the bins, perform “an integral function in the procedure by which personal property is produced,” and thus are part and parcel of the machinery used in strip mining operations. State v. Newbury Manufacturing Co., supra; Robertson & Associates (Alabama), Inc. v. Boswell, supra.
I agree with the majority that, when the statute is construed in favor of the taxpayer, the bins should be taxed at the rate of 1Ví%. However, since the magazines, like the bins, should qualify as machinery used for strip mining, I would hold that the magazines should also fall under subsection (b), supra, and be taxed at the rate of 1V2% rather than the rate of 4% as decided by the majority.
I would affirm the order of the trial court.